FILED

OCT - 9 2014

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 14-30073-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | ON MOTIONS IN LIMINE |
| SANTANA DRAPEAU, | * | |
| | * | |
| Defendant. | * | |

Defendant Santana Drapeau faces charges in a three count indictment for assaults on the person alleged to be his domestic partner, Dondee St. John. Doc. 2. Count I charges Drapeau with having assaulted St. John on May 18, 2014, by having strangled or suffocated her, or having attempted to do so. Counts II and III both allege that on May 18, 2014, Drapeau committed a domestic assault on St. John as an habitual offender having been convicted thrice previously in Crow Creek Sioux Tribal Court of offenses that would have been, if subject to federal jurisdiction, an assault against a spouse or intimate partner. The difference between Count II and Count III is the location of the alleged assaults, with Count II alleging an assault at a Grass Rope Road residence and Count III alleging an assault at a Gingway Housing residence in Fort Thompson, South Dakota. Doc. 2. Drapeau has pleaded not guilty.

Drapeau filed Defendant's Motion in Limine to Prohibit Specified Evidence. Doc. 25. Specifically, Drapeau seeks to have this Court exclude: (1) Prior domestic violence and other bad acts allegations or convictions; (2) No contest pleas and resulting judgments of convictions in tribal court; (3) Defendant's statements to Special Agent Tino Lopez; and (4) Evidence and testimony that Defendant broke out car windows. The Government resists the motion. This Court heard argument on the motion at a pretrial conference and motion hearing on October 6, 2014, and now formalizes its

ruling in this Opinion and Order. As with any ruling on a pretrial motion in limine, these rulings are preliminary and may be revisited outside the hearing of the jury at trial if testimony or evidence opens the door to excluded evidence or if circumstances arise justifying a different ruling.

The first two parts of the Defendant's Motion in Limine—seeking to prohibit evidence both of Drapeau's prior domestic violence and convictions and of Drapeau's no contest pleas and resulting tribal court convictions—are interrelated. Drapeau argues that, under Rule 410(a)(2) and Rule 803(22)(A), nolo contendere pleas and convictions thereon are inadmissible. Drapeau also argues that evidence of his prior bad acts is inadmissible under Rule 404 and under Rule 403.

If this Court were trying Drapeau only on Count I, those arguments might have merit. However, this Court is trying Drapeau on two charges that require the Government to prove prior convictions that would have been, if subject to federal jurisdiction, an assault against a spouse or intimate partner. Doc. 2; 18 U.S.C. § 117. The Government charges in the indictment that Drapeau committed and was convicted of three prior such crimes and has provided to this Court the Judgment of Conviction for each of those three convictions in Crow Creek Sioux Tribal Court.¹

Drapeau first pleaded "no contest" and was convicted in tribal court of "domestic abuse" on December 1, 2010, receiving a sentence that included "replace windshield" and "no violent contact w/victim" without listing a victim by name. Without a stipulation from Drapeau or further evidence concerning that offense, the Judgment of Conviction itself would be insufficient to qualify it as a predicate offense under 18 U.S.C. § 117, because it is unclear whether the "domestic abuse" was an assault and whether the unnamed victim qualifies as a spouse or intimate partner. Second, Drapeau

---

¹At this Court's direction, the Government has redacted from the three judgments of conviction reference to charges other than the domestic abuse charges against Drapeau. This Court formalizes its order for the Government to do so for the record at the end of this Opinion and Order.

2

pleaded "no contest" in tribal court to "D. Abuse" on January 9, 2012, and received a sentence that included "no violent contact w/Dondee St. John."[2] Third, Drapeau pleaded "no contest" to one count of "Domestic Abuse"[3] in tribal court on September 18, 2012, and received a sentence including "[n]o contact with victim Dondee St. John." Again, without more evidence on what "domestic abuse" was committed or a stipulation, the Government has not proved the predicate conviction of an offense that would have been, if subject to federal jurisdiction, an assault against a spouse and intimate partner under 18 U.S.C. § 117. Some evidence would be required in each instance that the "domestic abuse" was in fact an assault and that the unnamed victim in the first conviction and St. John at the times of the two other tribal court convictions was a spouse or intimate partner.

Yet Drapeau asserts that his "no contest" pleas render the three tribal court convictions altogether inadmissible based on Rule 410(a)(2) and Rule 803(22)(A). Drapeau's argument has some superficial appeal to it, as Rule 410(a)(2) does make a nolo contendere plea "not admissible against the defendant who made the plea or participated in plea discussions" and Rule 803(22)(A) excludes from the hearsay rule evidence of a final judgment of conviction if "the judgment was entered after a trial or guilty plea, but not a nolo contendere plea." Those rules, however, do not debar admission of the fact of conviction based on a no contest plea in a case where the Government must prove a conviction exists as an element of the charged crime.

In United States v. Adedoyin, 369 F.3d 337 (3rd Cir. 2004), the United States Court of Appeals for the Third Circuit addressed this issue. In Adedoyin, the defendant was charged with improper entry

---

[2]There was a second woman listed, but by order of this Court her name has been redacted from the version of the Judgment of Conviction to be offered.

[3]The Government redacted, likely by accident, the word "Abuse" out of this Judgment of Conviction when redacting information on other charges against Drapeau.

into the United States after he had been convicted of a felony and did not disclose this prior conviction on an application to enter the United States. The defendant in Adedoyin sought to prohibit the Government from introducing evidence of his prior felony conviction because he had pleaded nolo contendere. In rejecting the defendant's Rule 410 argument and finding the fact of conviction admissible, the Adedoyin court held that "there is, however, a clear distinction between pleas of nolo contendere and convictions entered on the basis of such pleas." Id. at 343 (citing Brewer v. City of Napa, 210 F.3d 1093, 1096 (9th Cir. 2000) ("Rule 410 by its terms prohibits only evidence of *pleas* (including no contest pleas); insofar as pleas constitute statements of admissions.")). Other federal courts of appeals have drawn a similar distinction. Olsen v. Correiro, 189 F.3d 52, 58 (1st Cir. 1999) ("[T]he evidentiary rules that exclude evidence of nolo pleas do not directly apply to the convictions and sentences that result from such pleas."); Myers v. Sec'y of Health & Human Servs., 893 F.2d 840, 843 (6th Cir. 1990) (stating that Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6) "prohibit use of 'a *plea of nolo contendere*' not a *conviction* pursuant to a *nolo* plea"); United States v. Williams, 642 F.2d 136, 138 (5th Cir. 1981) ("A judgment entered on a plea of nolo contendere adjudicates guilt with the same finality and force as a judgment entered pursuant to a guilty plea or conviction following trial."). The court in Adedoyin found the reasoning of the above-cited cases persuasive and held "convictions based on pleas of nolo contendere are admissible to prove the fact of the conviction." Id. at 344. The court reasoned that the Government did not seek the admission of the certified copy of the conviction for the purpose of proving that he was in fact guilty of the felony, but rather as evidence to show that he previously had been convicted of a felony. Id. The Adedoyin court applied the same reasoning to reject defendant's argument under Rule 803(22)(A). Thus, the court held that convictions based on nolo contendere pleas are not admissible for purposes

4

of proving that the defendant is guilty of the crime in question, but could be admitted for the sole purpose of showing the defendant had a prior felony conviction. Id. at 345.

Not surprisingly, several district courts have followed course to admit convictions resulting from no contest pleas in cases where the Government must prove an underlying conviction. For example, in United States v. Woodson, Crim. No. 09-117-LPS, 2013 WL 3229936 (D. Del. June 26, 2013), the defendant was charged with being a felon in possession of a firearm. The felony that was being used to make him a prohibited person was a burglary conviction based on a no contest plea. The court in Woodson held "a conviction that results from a 'no contest' plea is admissible, even if the fact the conviction arose from a 'no contest' plea may not be admissible." Id. at *7 (citing Adedoyin, 369 F.3d at 343–44). The court also found the conviction was "highly probative of an essential element . . . and its probative value is not substantially outweighed by any of the concerns of Federal Rule of Evidence 403." Id.

Similarly, in United States v. Bazzi, No. 13-20893, 2014 WL 2095359 (E.D. Mich. May 20, 2014), the defendant was charged with false statements in his application for naturalization after verbally and in writing denying ever being convicted of a crime when, in fact, he had been convicted of fraud following a nolo contendere plea. The Bazzi court held "[t]he nolo contendere conviction is admissible to show that Defendant had a conviction record that he did not disclose in his naturalization application and interview with federal agents." Id. at *2. The court went on to discuss Rule 410's prohibition of nolo contendere pleas and held that the rule does not automatically apply to exclude from evidence convictions based on nolo contendere pleas. Id. The court further held that Rule 803(22) does not preclude the admission of the conviction to prove the defendant had the conviction, as the conviction is not used to prove the defendant was in fact guilty of the underlying offense, but that there was a conviction. Id. at *4.

5

The Government, in addition to the judgments of conviction, wants to introduce evidence to explain why Drapeau's tribal court convictions for "domestic abuse" were assaults on a domestic partner sufficient to be predicate convictions under 18 U.S.C. § 117. The Government at the pretrial conference and motion hearing also sought to introduce evidence of at least one other instance of alleged domestic assault by Drapeau on St. John that did not result in a conviction and is not part of the events alleged to have occurred on May 18, 2014. Drapeau argues that these are prior bad acts precluded from admission under Rule 404 and are more unfairly prejudiced than probative under Rule 403. This Court agrees with Drapeau that any domestic assault from which no conviction resulted, other than of course what allegedly occurred on May 18, 2014, is inadmissible under Rule 404 and would be more unfairly prejudicial than probative of any fact under Rule 403. But the Government ought to be allowed to present evidence that the three tribal court convictions in fact involved domestic assaults of a spouse or intimate partner, if Drapeau refuses to so stipulate.

Rule 404 precludes admission of "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character trait." Fed. R. Evid. 404. Specifically, Rule 404(b) prevents evidence of a person's past "crime, wrong, or other act" to prove such a trait. Id. at 404(b). However, evidence of crimes, wrongs, or other acts is admissible for other purposes. Id. The Eighth Circuit utilizes a four-part test to determine the admissibility of 404(b) evidence: "The evidence must be 1) relevant to a material issue; 2) similar in kind and not overly remote in time to the charged crime; 3) supported by sufficient evidence; and 4) such that its potential prejudice does not outweigh its probative value." United States v. Williams, 308 F.3d 833, 837 (8th Cir. 2002). A district court has broad discretion to admit Rule 404(b) evidence, reversible only for an abuse of discretion when the evidence has no bearing on the case

6

other than to prove the defendant's propensity to commit the current crime. United States v. Thomas, 398 F.3d 1058, 1062 (8th Cir. 2005).

There are no cases that suggest that the analysis for prior bad acts evidence is any different for domestic assault than for other offenses. Appellate courts have approved the use of evidence of circumstances surrounding prior domestic assaults in several situations, such as to prove intent in a first degree murder conviction, United States v. Lespier, 725 F.3d 437 (4th Cir. 2013); to prove motive in an arson conviction, United States v. Farish, 535 F.3d 815 (8th Cir. 2008); and to prove intent in interstate domestic assault convictions, United States v. Utrera, 259 F. App'x 724 (6th Cir. 2008); United States v. Ruggles, 210 F.3d 373 (6th Cir. 2000) (unpublished opinion). Thus, the analysis for instances of prior domestic violence and the circumstances surrounding the prior domestic assault convictions is the normal Rule 404(b) analysis.

Here, evidence concerning the facts underlying Drapeau's prior convictions for domestic assaults is relevant. Section 117 requires that the offender have at least two separate prior final convictions that, if they had been subject to federal jurisdiction, would have been "assault, sexual abuse, or serious violent felon[ies] against a spouse or intimate partner" or "offense[s] under chapter 110A." § 117. Certain facts about the nature of the conduct and the parties involved in prior offenses are necessary to determine whether they qualify as predicate offenses under § 117. Therefore the circumstances surrounding the prior offense are relevant to the present charges, meeting the first prong of the four-part test.

The second and third parts of the test likewise are met. The judgments of conviction involve incidents of domestic abuse by Drapeau of St. John that occurred no more than three or four years ago with the earliest conviction is September 2011. See, e.g., United States v. Ironi, 525 F.3d 683,

7

688 (8th Cir. 2008) (finding eight-year-old convictions were not too remote in time).    The

Government intends to prove the predicate acts through the judgments of conviction and testimony

by St. John.

The real issue is whether the use of the circumstances surrounding the convictions is more

unfairly prejudicial than probative under prong four. This determination may hinge in part on what

type of other evidence is presented. Cf. Old Chief v. United States, 519 U.S. 172, 184–85 (1997)

(holding that Rule 403 balancing may be informed not only by the probative value and prejudicial

effect of the particular piece of evidence, but by the same assessment of evidentiary alternatives).

In Old Chief, the Supreme Court found that Rule 403 barred admission of a copy of a final judgment

of conviction, which established a predicate offense for possession of a firearm by a prohibited

person, when the defendant had agreed to stipulate to a qualifying felony and the stipulation carried

less risk of unfair prejudice. The prior convictions, to which Drapeau was unwilling to stipulate and

indeed objected to admitting, show a final judgment for three prior instances of "Domestic Abuse,"

"D. Abuse," and "One count of Domestic." These judgments are less prejudicial to the defendant

in that they are a rather sterilized account of whatever occurred in those three instances. However,

absent further definition of the crimes for which Drapeau was convicted, they fall short of proving

that Drapeau committed an assault (as opposed to abuse) against a spouse or intimate partner. Thus,

in the absence of other, less prejudicial evidence (such as a stipulation as in Old Chief), at least some

evidence of the circumstances surrounding the prior convictions is highly probative to the case,

indeed central to an essential element on Counts II and III, and thereby admissible. The danger of

unfair prejudice, which can be mitigated through a limiting instruction, does not substantially

outweigh the probative value of the evidence.

8

Drapeau also seeks to preclude his statements to Special Agent Tino Lopez. Drapeau did not file a motion to suppress the statement, but now asserts that his invocation of Miranda rights and refusal to discuss the May 18, 2014, incident justifies exclusion of anything he told Special Agent Lopez. When a defendant "indicates that he wishes to remain silent, 'the interrogation must cease.'" Edwards v. Arizona, 451 U.S. 477, 481 (1981) (quoting Miranda v. Arizona, 384 U.S. 436, 474 (1966)). However, a defendant may also waive his or her Miranda rights either expressly or through "actions or words" from which a waiver of Miranda rights may be inferred, as long as the waiver is made knowingly and voluntarily. North Carolina v. Butler, 441 U.S. 369, 373–74 (1979).

This Court at the pretrial conference and motion hearing requested a copy of the recording of the interview and has now listened to it. Special Agent Lopez advised Drapeau of his Miranda rights near the start of their conversation. Drapeau affirmed that he understood and knew his rights. He did not invoke his Miranda rights, but spoke freely with Special Agent Lopez. When asked about the events of May 18, 2014, Drapeau said that he did not want to talk about it, that he probably was not even there, and that he was not around when it happened. Drapeau then spoke freely of prior instances of his "three domestics," denying that he physically assaulted St. John other than on one occasion although acknowledging scaring her on two other occasions by causing property damage on those instances. Drapeau then proffered an explanation of why St. John may have fabricated a claim of an assault against him. There is no legitimate reason to preclude Drapeau's statements to Special Agent Lopez to the extent that they are admissions against interest.

Drapeau's final request in his motion in limine is to preclude evidence or testimony that he broke out car windows. The Government intends to prove that Drapeau assaulted St. John on the morning of May 18, 2014, after which St. John fled to her mother's home. According to the Government, witnesses will testify that, shortly after the alleged assault, Drapeau took a bat out of a

9

vehicle, approached St. John's vehicle, bashed out six of the eight windows, and smashed the windshield, while St. John was nearby.

Under Rule 401, relevant evidence is admissible. Under Eighth Circuit precedent, "the scope of relevant evidence under Federal Rules of Evidence 401 includes 'evidence providing the context in which the crime occurred, i.e. the res gestae.'" United States v. Morrison, 748 F.3d 811, 812 (8th Cir. 2014) (quoting United States v. La Due, 561 F.3d 855, 857 (8th Cir. 2009). Drapeau's alleged bashing out of St. John's car windows with a bat in her presence in the aftermath of allegedly assaulting her is admissible res gestae evidence.

The Government filed two motions in limine, Doc. 28 and Doc. 43, which this Court ruled upon during the pretrial conference and motion hearing. In short, St. John's alleged drug use and custody arrangements of her children is of at best attenuated relevance and is more unfairly prejudicial than probative under Rule 403, except to the extent that the custody arrangement and alleged drug use affected events on May 18, 2014. Therefore, for good cause, it is hereby

ORDERED that Defendant's Motion in Limine to Prohibit Specified Evidence, Doc. 24, is denied, except that prior domestic assaults allegedly committed by Drapeau that did not result in tribal court convictions and did not occur on May 18, 2014, shall not be mentioned during opening statements or trial testimony unless this Court rules that the door has been opened to such testimony. It is further

ORDERED that the judgments of conviction be redacted of information as to other charges against Drapeau besides domestic abuse and of reference to another victim in one conviction and further that evidence on the facts underlying those convictions be limited to evidence that the tribal court convictions would be, if subject to federal jurisdiction, an assault against a spouse or intimate partner. It is further

10

ORDERED that the Government's Motion in Limine to Prohibit Specified Evidence, Doc. 28, is granted to the extent that there be no mention in opening statements or evidence that St. John's children are in the custody of the South Dakota Department of Social Services (DSS) and that Drapeau may not introduce his own hearsay statements for the truth of the matters asserted. It is further

ORDERED that the Government's Motion in Limine to Prohibit Specified Evidence, Doc. 28, is denied to the extent that evidence is admissible of St. John's alleged drug use and effects thereof on the date of the alleged assault, May 18, 2014, and further that, if he so chooses, Drapeau may present evidence of his theory that St. John fabricated the claims of an assault in retaliation for Drapeau reporting her drug use on or about May 18, 2014, to DSS or otherwise. It is further

ORDERED that the Government's Second Motion in Limine, Doc. 43, is granted and that there be no mention during any point in the trial of St. John's alleged drug use, other than as it relates to matters directly relevant to what occurred on May 18, 2014.

Dated October 9, 2014.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

11