UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ∗ | 14-30073-RAL |
| | ∗ | |
| Plaintiff, | ∗ | |
| | ∗ | PRELIMINARY JURY |
| -vs- | ∗ | INSTRUCTIONS |
| | ∗ | |
| SANTANA DRAPEAU, | ∗ | |
| | ∗ | |
| Defendant. | ∗ | |

PRELIMINARY INSTRUCTION NO. 1

Ladies and gentlemen:  I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I shall give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later— are equally binding on you and must be followed.

This is a criminal case, brought against the defendant by the United States Government. The defendant is charged with one count of Assault by Strangulation and Suffocation and two counts of Domestic Assault by an Habitual Offender.  These charges are set forth in what is called an indictment.

Count I of the Indictment charges that: "On or about the 18th day of May, 2014, at Fort Thompson, in Indian country, in the District of South Dakota, Santana Drapeau, an Indian, did unlawfully assault Dondee St. John, a spouse, intimate partner, and dating partner by strangling and suffocating her, and attempting to do so, in violation of 18 U.S.C. §§ 1153 and 113(a)(8)."

Count II of the Indictment charges that: "On or about the 18th Day of May, 2014, at #119 Grass Rope Road, Fort Thompson, in Indian country, in the District of South Dakota, Santana Drapeau did unlawfully commit a Domestic Assault upon Dondee St. John, when at the time of the domestic assault, Santana Drapeau, had a final conviction, on at least two separate prior occasions, in Crow Creek Sioux Tribal Court proceedings for offenses that would have been, if subject to federal jurisdiction, an assault against a spouse and intimate partner, to-wit: (1) Domestic Abuse in Crow Creek Sioux Tribal Court, CR 11-11-113, 114, 115, (2) Domestic Abuse in Crow Creek Sioux Tribal Court, CR 12-12-041—045, and (3) Domestic Abuse in Crow Creek Sioux Tribal Court, CR 12-09-1090, in violation of 18 U.S.C. § 117."

Count III of the Indictment charges that: "On or about the 18th day of May, 2014, at #167 Gingway Housing, Fort Thompson, in Indian country, in the District of South Dakota, Santana Drapeau did unlawfully commit a Domestic Assault upon Dondee St. John, when at the time of the domestic assault, Santana Drapeau, had a final conviction, on at least two separate prior occasions, in Crow Creek Sioux Tribal Court proceedings for offenses that would have been, if subject to federal jurisdiction, an assault against a spouse and intimate partner, to-wit: (1) Domestic Abuse in Crow Creek Sioux Tribal Court, CR 11-11-113, 114, 115, (2) Domestic Abuse in Crow Creek Sioux Tribal Court, CR 12-12-041—045, and (3) Domestic Abuse in Crow Creek Sioux Tribal Court, CR 12-09-1090, in violation of 18 U.S.C. § 117.

The defendant has pleaded not guilty to these charges and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

PRELIMINARY INSTRUCTION NO. 2

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crimes charged.  From the evidence, you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Also, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crimes charged, not for anything else.

PRELIMINARY INSTRUCTION NO. 3

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

Certain things are not evidence.  I shall list those things for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.
2. Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.
3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.
4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

PRELIMINARY INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

PRELIMINARY INSTRUCTION NO. 5

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

PRELIMINARY INSTRUCTION NO. 6

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

PRELIMINARY INSTRUCTION NO. 7

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me.  If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you.

*Fifth*, during the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case until I accept your verdict.  Do not talk face-to-face with anyone, including your friends and family, about this case.  You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube.

*Sixth*, do not read any news stories or articles, in print, on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  I do not know whether there might be any news reports of this case, but if there are I do not want you to read or listen to any of them.  It is important for you to understand that this case must be decided by the evidence presented in the case and the instructions I give you.

*Seventh*, do not do any research or make any investigation on your own about any matter involved in this case.  By way of examples, that means you must not read from a dictionary or a text book or an encyclopedia or talk with a person you consider knowledgeable or go to the Internet for information about some issue in this case.  Do not visit or view any place discussed in this case and do not use Internet maps or Google Earth or any other program or device to search for or to view any place discussed in the testimony.  In fairness, learn about this case from the evidence you receive here at the trial and apply it to the law as I give it to you.

*Eighth*, do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

PRELIMINARY INSTRUCTION NO. 8

The trial will proceed in the following manner:

First, the Government attorney will make an opening statement.  Next the defendant's attorney may, but does not have to, make an opening statement.

An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The Government will then present its evidence and counsel for the defendant may cross-examine.  Following the Government's case, the defendant may, but does not have to, present evidence, testify or call other witnesses.  If the defendant calls witnesses, the Government counsel may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.  As with opening statements, closing arguments are not evidence.  The court will instruct you further on the law.  After that you will retire to deliberate on your verdict.