UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | 14-30073-RAL |
| | * | |
| Plaintiff, | * | |
| | * | FINAL INSTRUCTIONS TO |
| -vs- | * | THE JURY |
| | * | |
| SANTANA DRAPEAU, | * | |
| | * | |
| Defendant. | * | |

INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.  The instructions I am about to give you now are in writing and will be available to you in the jury room.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.

All instructions, whenever given and whether in writing or not, must be followed.

INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

INSTRUCTION NO. 3

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated—this is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.  I shall list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.
2. Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.
3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.
4. Anything you saw or heard about this case outside the courtroom is not evidence.

When you were instructed that evidence was received for a limited purpose, you must follow that instruction.  For instance, evidence of the defendant's three prior tribal court judgments of conviction and the circumstances behind those convictions were received for a limited purpose only.  That limited purpose was as evidence of whether the defendant, on at least two separate prior occasions before May 18, 2014, had been convicted in an Indian tribal court of an offense that would be, if subject to Federal jurisdiction, an assault against a spouse or intimate partner, which is an essential element of Counts II and III.

INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

INSTRUCTION NO. 5

You have heard testimony from a person described as an expert.  A person who, by knowledge, skill, training, education, or experience, has become an expert in some field may state opinions on matters in that field and may also state the reasons for those opinions.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

INSTRUCTION NO. 6

The indictment in this case charges the defendant with three different crimes. Count I of the indictment charges that the defendant committed the crime of Assault by Strangulation and Suffocation. Counts II and III of the indictment charge that the defendant committed the crime of Domestic Assault by an Habitual Offender. The defendant has pleaded not guilty to each of these charges.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendant is presumed to be innocent. Thus the defendant, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each element of the crimes charged.

There is no burden upon a defendant to prove that he is innocent. Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

INSTRUCTION NO. 7

The crime of Assault by Strangulation and Suffocation, as charged in Count I of the indictment, has four elements, which are:

*One*, **that on or about the 18th day of May, 2014, Santana Drapeau voluntarily and intentionally assaulted Dondee St. John by strangling or suffocating her, or attempting to do so; and**

*Two*, **that Dondee St. John was a spouse, intimate partner, or dating partner of Santana Drapeau; and**

*Three*, **that Santana Drapeau is an Indian; and**

*Four*, **that the offense took place in Indian country.**

If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime charged; otherwise you must find the Defendant not guilty of this crime.

INSTRUCTION NO. 8

The term "spouse or intimate partner" as used in Instruction Number 7 means:

1.    A spouse or former spouse of the alleged abuser, a person who shares a child in common with the alleged abuser, or a person who cohabitates or has cohabitated as a spouse with the alleged abuser; or

2.    A person who is or has been in a social relationship of a romantic or intimate nature with the alleged abuser, as determined by the length of the relationship, the type of relationship, and the frequency of interaction between the persons involved in the relationship; or

3.    Any other person similarly situated to a spouse who is protected by the domestic or family violence laws of the State or tribal jurisdiction in which the injury occurred or where the alleged victim resides.

INSTRUCTION NO. 9

The term "dating partner" as used in Instruction Number 7 means a person who is or has been in a social relationship of a romantic or intimate nature with the alleged abuser. The existence of such a relationship is based on the consideration of:

1.  The length of the relationship; and

2.  The type of the relationship; and

3.  The frequency of interaction between the persons involved in the relationship.

INSTRUCTION NO. 10

The term "strangling" as used in Instruction Number 7 means intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the throat or neck, regardless of whether the conduct results in any visible injury or whether there is any intent to kill or protractedly injure the victim.

INSTRUCTION NO. 11

The term "suffocating" as used in Instruction Number 7 means intentionally, knowingly, or recklessly impeding the normal breathing of a person by covering the mouth of the person, the nose of the person, or both, regardless of whether that conduct results in any visible injury or whether there is any intent to kill or protractedly injure the victim.

INSTRUCTION NO. 12

The crime charged in Count I of the indictment includes an attempt to commit an Assault by Strangulation or Suffocation.  A person may be found guilty of an attempt if he intended to assault the victim by strangulation or suffocation as alleged in Count I and if he voluntarily and intentionally carried out some act which was a substantial step toward that assault.

A substantial step, as used in this instruction, must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime.  In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context, could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.

Being under the influence of alcohol, provides a legal excuse for the commission of a crime only if the effect of the alcohol makes it impossible for the defendant to have the specific intent to commit a crime.  Evidence that the defendant acted while under the influence of alcohol may be considered by you, together with all the other evidence, in determining whether or not he did in fact have the specific intent to commit such a crime.

INSTRUCTION NO. 13

If you should unanimously find the defendant "Not Guilty" of the crime of Assault by Strangulation and Suffocation as charged in Count I of the indictment, or if after reasonable efforts, you are unable to reach a verdict as to the crime charged in Count I of the indictment, then you must proceed to determine the guilt or innocence of the Defendant as to the crime of simple assault under this instruction.

The crime of simple assault, a lesser included offense of the crime of Assault by Strangulation and Suffocation as charged in Count I of the indictment, has three essential elements, which are:

**One, that on or about the 18th day of May, 2014, Santana Drapeau, without just cause or excuse, voluntarily and intentionally engaged in an assault, as defined in Instruction Number 19, of Dondee St. John; and**

**Two, that Santana Drapeau is an Indian; and**

**Three, that the offense took place in Indian country.**

If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime of simple assault, otherwise you must find the Defendant not guilty of this crime.

INSTRUCTION NO. 14

The crime of Domestic Assault by an Habitual Offender, as charged in Count II, has three elements, which are:

*One*, **that on or about the 18th day of May, 2014, at or near #119 Grass Rope Road, Fort Thompson, South Dakota, Santana Drapeau committed a domestic assault, as defined in Instruction Number 18, upon Dondee St. John; and**

*Two*, **that on at least two separate prior occasions, Santana Drapeau had been convicted in an Indian tribal court of an offense that would be, if subject to Federal jurisdiction, an assault against a spouse or intimate partner; and**

*Three*, **that the offense took place in Indian country.**

If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime charged; otherwise you must find the Defendant not guilty of this crime.

INSTRUCTION NO. 15

If you should unanimously find the defendant "Not Guilty" of the crime of Domestic Assault by an Habitual Offender as charged in Count II of the indictment, or if after reasonable efforts, you are unable to reach a verdict as to the crime charged in Count II of the indictment, then you must proceed to determine the guilt or innocence of the Defendant as to the crime of simple assault under this instruction.

The crime of simple assault, a lesser included offense of the crime of Domestic Assault by an Habitual Offender as charged in Count II of the indictment, has three essential elements, which are:

> ***One***, that on or about the 18th day of May, 2014, at or near #119 Grass Rope Road, Fort Thompson, South Dakota, Santana Drapeau, without just cause or excuse, voluntarily and intentionally engaged in an assault, as defined in Instruction Number 19, of Dondee St. John; and

> ***Two***, that Santana Drapeau is an Indian; and

> ***Three***, that the offense took place in Indian country.

If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime of simple assault, otherwise you must find the Defendant not guilty of this crime.

INSTRUCTION NO. 16

The crime of Domestic Assault by an Habitual Offender, as charged in Count III of the Indictment, has three elements, which are:

**_One_, that on or about the 18th day of May, 2014, at or near #167 Gingway Housing, Fort Thompson, South Dakota, Santana Drapeau committed a domestic assault, as defined in Instruction Number 18, upon Dondee St. John; and**

**_Two_, that on at least two separate prior occasions, Santana Drapeau had been convicted in an Indian tribal court of an offense that would be, if subject to Federal jurisdiction, an assault against a spouse or intimate partner; and**

**_Three_, that the offense took place in Indian country.**

If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime charged; otherwise you must find the Defendant not guilty of this crime.

INSTRUCTION NO. 17

If you should unanimously find the defendant "Not Guilty" of the crime of Domestic Assault by an Habitual Offender as charged in Count III of the indictment, or if after reasonable efforts, you are unable to reach a verdict as to the crime charged in Count III of the indictment, then you must proceed to determine the guilt or innocence of the defendant as to the crime of simple assault under this instruction.

The crime of simple assault, a lesser included offense of the crime of Domestic Assault by an Habitual Offender as charged in Count III of the indictment, has three essential elements, which are:

> ***One***, **that on or about the 18th day of May, 2014, Santana Drapeau, at or near #167 Gingway Housing, Fort Thompson, South Dakota, without just cause or excuse, voluntarily and intentionally engaged in an assault, as defined in Instruction Number 19, of Dondee St. John; and**

> ***Two***, **that Santana Drapeau is an Indian; and**

> ***Three***, **that the offense took place in Indian country.**

If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime of simple assault, otherwise you must find the Defendant not guilty of this crime.

INSTRUCTION NO. 18

The term "domestic assault" as used in Instruction Numbers 14 and 16 means an assault committed by (1) a current or former spouse, (2) by a person with whom the victim shares a child in common, (3) by a person who is cohabitating with or has cohabitated with the victim as a spouse, or (4) by a person similarly situated to a spouse of the victim.

INSTRUCTION NO. 19

An "assault" under Federal law is (1) any intentional and voluntary attempt or threat to do injury to another person, when coupled with the apparent present ability to do so, sufficient to put the person against whom the attempt is made in fear of immediate bodily harm or (2) any intentional or knowing harmful or offensive bodily touching or contact, however slight, without justification or excuse, with another's person, regardless of whether physical harm is intended or inflicted or whether the victim has a reasonable apprehension of bodily harm.

INSTRUCTION NO. 20

Intent may be proved like anything else.  You may consider any statements made and acts done by the Defendant, and all the facts and circumstances in evidence which may aid in the determination of the Defendant's intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

INSTRUCTION NO. 21

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence.  A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

INSTRUCTION NO. 22

The indictment in this case alleges that the Defendant is an Indian and that the alleged offenses occurred in Indian country.  The existence of those two factors is necessary in order for this Court to have jurisdiction over the crimes charged in the indictment.

Counsel for the Government, counsel for the Defendant, and the Defendant have agreed or stipulated that the Defendant is an Indian and that the place where the alleged incidents are claimed to have occurred is in Indian country.

The Defendant has not, by entering this agreement or stipulation, admitted his guilt of the offenses charged, and you may not draw any inference of guilt from the stipulation.  The only effect of this stipulation is to establish the facts that the Defendant is an Indian and that the places where the alleged offenses are claimed to have occurred is in Indian country.

INSTRUCTION NO. 23

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the case establishes beyond a reasonable doubt that the offense was committed on a date or dates reasonably near the dates alleged.

INSTRUCTION NO. 24

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone— including me—how your votes stand numerically.

*Fifth*, during your deliberations, you must not communicate with or provide any information to anyone other than by note to me by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, Instagram, YouTube, or Twitter, to communicate to anyone information about this case or to conduct any research about this case until I accept your verdict.

*Sixth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | 14-30073-RAL |
| | * | |
| Plaintiff, | * | |
| | * | VERDICT FORM |
| -vs- | * | |
| | * | |
| SANTANA DRAPEAU, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

We, the jury, duly empaneled and sworn to try the issues in this case, find as follows:

1.    We find Defendant Santana Drapeau _____ (fill in either "not guilty" or "guilty") of Assault by Strangulation and Suffocation as charged in Count I.

   1.A.    (Complete if and only if you find the defendant "not guilty" of Count I or if you cannot reach a verdict on Count I after all reasonable efforts)

   We find Defendant Santana Drapeau _____ (fill in either "not guilty" or "guilty") of the lesser included offense of Simple Assault.

2.    We find Defendant Santana Drapeau _____ (fill in either "not guilty" or "guilty") of Domestic Assault by a Habitual Offender as charged in Count II.

   2.A.    (Complete if and only if you find the defendant "not guilty" of Count II or if you cannot reach a verdict on Count II after all reasonable efforts)

   We find Defendant Santana Drapeau _____ (fill in either "not guilty" or "guilty") of the lesser included offense of Simple Assault.

3.    We find Defendant Santana Drapeau _____ (fill in either "not guilty" or "guilty") of Domestic Assault by a Habitual Offender as charged in Count III.

      3.A.    (Complete if and only if you find the defendant "not guilty" of Count III or if you cannot reach a verdict on Count III after all reasonable efforts)

          We find Defendant Santana Drapeau _____ (fill in either "not guilty" or "guilty") of the lesser included offense of Simple Assault.

Dated October ___, 2014

_____
Foreperson